UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISLAND EXTERIOR FABRICATORS, LLC and
ISLAND INTERNATIONAL EXTERIOR
FABRICATORS, LLC,

                Plaintiffs,

      -against-

PRIEDEMANN FAÇADE LAB GmbH,

                Defendant.
-----------------------------------------------------------------X

**FILED**
**CLERK**

February 1, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM ORDER**

2:23-CV-0678 (JS) (JMW)

**A P P E A R A N C E S:**

Joanna M. Roberto, Esq.
**Gerber Ciano Kelly Brady LLP**
P.O. Box 1060
Buffalo, New York 14201
*For Plaintiffs*

Timothy G. Cameron, Esq.
Lauren M. Rosenberg, Esq.
**Cravath, Swaine & Moore, LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
*For Defendant*

**WICKS,** Magistrate Judge:

      This action, removed from state court (DE 1), arises out of a dispute concerning alleged defective façades at two projects in New York City, namely, 666 5th Avenue in Manhattan ("5th Ave Project") and NYU Cobble Hill, Brooklyn ("Cobble Hill Project") (together, "Two Projects"). Plaintiff Island Exterior Fabricators, LLC is a New York-based company engaged in the business of façade design, fabrication and installation. Defendant Priedemann Façade Lab,

1

GmbH, on the other hand, is a German company specializing in façade consultancy. In short, the parties entered into two contracts for engineering and design services for the Two Projects which, according to the complaint, went awry.

On December 30, 2022, Plaintiffs filed a complaint against Defendant in the Supreme Court of the State of New York, County of Suffolk, Index Number 600068/2023 ("Complaint"), claiming breach of contract, breach of warranty and negligence in connection with the Two Projects. (DE 1.) On January 9, 2023, both parties executed a Waiver of Service of Summons Defendant agreed to waive formal service of process pursuant to the Hague Convention, and as a result, the parties agreed to a stay of the action for 120 days, through May 9, 2023 (DE 1 at 24-25), to allow them to engage in mediation in advance (and in hopeful avoidance of) motion practice.

Defendant now seeks a stay of proceedings through and including May 9, 2023. The application, according to Defendants, is not opposed by Plaintiffs. (DE 6-1 at 2.) Even though both parties seek a stay, the Court undertakes a review to determine whether a stay is warranted. And that is because a request to stay litigation on its face appears to be the antithesis of Rule 1's mandate that the Court administer the Rules and therefore manage all cases "to secure the just, speedy, and inexpensive determination of every action and proceeding."

For the reasons set forth below, the Court concludes a stay is warranted under the circumstances and therefore Defendant's motion (DE 6) is GRANTED.

### DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL

2

3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The moving party must make a showing of "good cause" to warrant a stay. *See, e.g., Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (stay of discovery sought pending motion to dismiss). In evaluating whether a stay of proceedings is appropriate, courts consider a variety of factors, depending upon the circumstances under which the stay is sought: a motion to dismiss (*see, e.g., Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)), a motion to compel arbitration (*see, e.g., Alvarez v. Experian Information Solutions, Inc,* 19-CV-3343 (JS)(JMW), 2021 WL 2349370 (E.D.N.Y. June 7, 2021)), or like here, simply to pursue settlement or mediation.

      Here, where the parties have a expressed a clear desire to pursue mediation, the Court considers "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Catskill Mountains Chapter of Trout Unlimited, Inc. v. Envtl. Protection Agency*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (collecting cases) (citing *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

      There is little or no prejudice if a stay is granted. First, the Court notes that this case is in its nascent stage – the Rule 26 Initial Conference has yet to be held and no discovery schedule has been entered. Thus, resources at this juncture are surely better diverted toward resolution efforts through mediation than discovery. Indeed, Defendant represents that any documents germane to this action which might be subject of discovery are preserved (DE 6-1, at 3). That assurance certainly minimizes any possible prejudice. *See In re Vivendi Universal, S.A. Sec.*

*Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (finding "risk of loss of documents to be minimal" where defendants assured preservation efforts were secured).

Second, considering the balance of the factors – private interests of the litigants and others, the public interest, and the interests of the Court – the Court is more than satisfied that the issuance of a stay for a limited period under these circumstances in fact furthers Rule 1's mandate to construe the Rules to ensure a "just, speedy and inexpensive" determination of cases. A limited stay clearly serves the interest of the Court by promoting judicial economy, as well as the interests of the parties and the public by allowing time to attempt an amicable resolution. The benefits of pursuing mediation early in this case outweigh the interests in commencing formal discovery now. The very process of mediation itself is likely to provide the parties valuable information that could help eliminate or narrow claims or defenses even if the mediation is unsuccessful. Judge William Pauley's keen observations about mediation are worth noting in this regard,

> With the heavy caseloads shouldered today by federal and State courts alike, mediation provides a vital alternative to litigation. The benefits of mediation include its cost-effectiveness, speed and adaptability.

*Fields-D'Arpino v. Restaurant Assocs., Inc.,* 39 F. Supp. 2d 412, 417 (S.D.N.Y. 1999).

Accordingly, weighing all of the relevant factors, the Court is satisfied that a stay of proceedings is warranted under the circumstances.

### III.    CONCLUSION

Based on the foregoing, good cause exists warranting the issuance of a stay of proceedings to and including May 9, 2023. The parties are directed to file a joint status letter on or before April 30, 2023. Therefore, the motion to stay (DE 6) is hereby GRANTED.

4

...

The undersigned is also available to conduct a settlement conference if the parties so desire and should contact chambers directly if that is the chosen path.

Dated: Central Islip, New York
February 1, 2023

S O   O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge